1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL HAYNIE,<br><br>                    Plaintiff,<br><br>          v.<br><br>SHARON D'ARELLI,<br><br>                    Defendant. | Case No. 1:23-cv-00638-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a district judge. |

Plaintiff Donell Haynie is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On April 26, 2023, Plaintiff filed a complaint alleging Defendant Sharon D'Arelli, a court reporter in the Superior Court for the County of Sacramento, failed to file a certified transcript of a September 24, 2010, hearing in his underlying criminal proceedings. (Doc. 1.) Plaintiff asserts that Defendant's actions violated his Fifth and Fourteen Amendment rights, resulting in his incarceration beyond the statutory maximum. (*Id.* at 3.)

Upon screening of the complaint, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 28 § 1915A(b)(1). The Court further finds the deficiencies in the complaint cannot be cured by amendment and recommends dismissal of this action.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). These provisions authorize the court to dismiss a frivolous *in forma pauperis* complaint *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 322 (1989). Dismissal based on frivolousness is appropriate "only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief." *Id.* at 322–23. The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)). The Court accepts Plaintiff's allegations in the complaint as true for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

## II.    PLEADING REQUIREMENTS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal

1    pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke*,

2    490 U.S. at 330 n.9. Moreover, a liberal construction of the complaint may not supply essential

3    elements of a claim not pleaded by the plaintiff, *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d

4    1251, 1257 (9th Cir. 1997). The mere possibility of misconduct and facts merely consistent with

5    liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret*

6    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

7            Dismissal of a *pro se* complaint without leave to amend is proper only if it is "absolutely

8    clear that no amendment can cure the defect." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

9    2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); *see Cervantes v.*

10   *Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to

11   amend should be given freely, a district court may dismiss without leave where a plaintiff's

12   proposed amendments would fail to cure the pleading deficiencies and amendment would be

13   futile.").

14   **III.    DISCUSSION**

15          **A.    Plaintiff's Allegations**[1]

16          Plaintiff brings this action against Defendant Sharon D'Arelli, a court reporter, for her

17   failure to submit a certified transcript of a September 24, 2010, hearing in the underlying

18   criminal case in Superior Court of California, County of Sacramento. (Doc. 1 at 3.)

19          On January 11, 2021, Plaintiff filed a petition for writ of habeas corpus in Superior Court

20   because the record on appeal did not show a hearing took place on his prior felony conditions.

21   The court issued an order to show cause to Defendant and held an evidentiary hearing on July 9,

22   2021. Plaintiff alleges that Defendant submitted an unsigned, uncertified transcript indicating a

23   hearing had taken place on September 24, 2010. *Id.*

24          Thereafter, Plaintiff emailed Defendant "in regards to the legitimacy of the newly

25   presented transcript that she submitted eleven (11) years after the trial and appeal." *Id.* at 4.

26   Defendant acknowledged there was a hearing the prior year in which she was called as a witness

27   _____

28          [1] The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

but not in regard to the transcript at issue. Defendant was uncertain if the transcript was certified, but she assumed so because the court accepted the transcript as an exhibit. (*Id.*)

Plaintiff alleges that Defendant's actions caused Plaintiff to be incarcerated beyond the statutory maximum of eight years, resulting in false imprisonment. (*Id.* at 3.) Plaintiff states that Defendant was acting under the color of state law and is sued in her individual capacity. (*Id.* at 4.) Construing the *pro se* pleading liberally, the Court infers that Plaintiff seeks damages and either release from incarceration or a reduction in sentence.

**B.    42 U.S.C. § 1983**

Prisoners may bring claims under 42 U.S.C. § 1983 for violations of constitutional or other federal rights by persons acting "under color of state law." A civil rights action under 42 U.S.C. § 1983 is the proper remedy for a constitutional challenge to the conditions of imprisonment. *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1848 (2017) ("In 42 U.S.C. § 1983, Congress provided a specific damages remedy for plaintiffs whose constitutional rights were violated by state officials."); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

Here, Plaintiff does not complain about the conditions of confinement, but instead he challenges the length of his custody. Accordingly, he has failed to state a claim under 42 U.S.C. § 1983.

**1.    Writ of Habeas Corpus**

Plaintiff alleges he has been incarcerated beyond the statutory maximum sentence for his offense. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge that could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *See Preiser*, 411 U.S. at 487 (where relief sought is immediate release or shortening length of actual confinement in prison, habeas corpus is the appropriate remedy, "and that specific determination must override the general terms of § 1983."). Thus, because Plaintiff's exclusive recourse to obtaining the relief he seeks is through habeas corpus, his complaint must be dismissed.

4

1          **2.     *Heck v. Humphrey***

2          Plaintiff sues Defendant in her individual capacity, suggesting he seeks damages for her

3     failure to provide a signed, certified transcript in criminal proceedings. When a prisoner seeks

4     damages under section 1983 for an unconstitutional conviction or imprisonment, the "favorable

5     termination rule" requires the plaintiff to "prove that the conviction or sentence has been

6     reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

7     authorized to make such determination, or called into question by a federal court's issuance of a

8     writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A claim for damages

9     based on a conviction or sentence that has not been invalidated is not cognizable under section

10    1983. *Id.* at 487; *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003) ("[T]he applicability of the

11    favorable termination rule turns solely on whether a successful § 1983 action would necessarily

12    render invalid a conviction, sentence, or administrative sanction that affected the length of the

13    prisoner's confinement.").

14         In this case, Plaintiff's claims based on an unlawful, illegal sentence clearly fall under the

15    favorable termination rule. If this Court were to grant Plaintiff the relief sought, the judgment

16    would necessarily undermine the sentence and affect the length of Plaintiff's confinement.

17    Because Plaintiff cannot show that his conviction or sentence have been invalidated, Plaintiff's

18    complaint must also be dismissed as *Heck*-barred.

19         Ordinarily, dismissals under *Heck* are without prejudice because they do not reflect a

20    final determination on the merits of the case. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

21    2000) (en banc). However, as with affirmative defenses, a court may properly dismiss a *Heck*-

22    barred claim under Rule 12(b)(6) for failure to state a claim "if there exists an obvious bar to

23    securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*,

24    833 F.3d 1048, 1055–56 (9th Cir. 2016) (internal quotations and citations omitted). The

25    complaint is obviously *Heck*-barred on its face, and therefore, the dismissal properly should be

26    extended with prejudice for failure state a claim.

27

28

**IV.     CONCLUSION**

Upon consideration of Plaintiff's allegations, the Court finds that the complaint fails to state a claim on which relief may be granted. Plaintiff has not alleged any facts that would support a constitutional claim by Defendant. The Court further finds the deficiencies cannot be cured by amendment, and leave to amend would be futile. *See Lopez*, 203 F.3d at 1130.

Accordingly, the Clerk of Court is DIRECTED to randomly assign and district judge. And itis hereby RECOMMENDED:

1.      The Court DISMISS WITH PREJUDICE the complaint for failure to state a claim upon which relief can be granted; and

2.      The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**May 16, 2023**__                     _____

UNITED STATES MAGISTRATE JUDGE