UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL HAYNIE,<br><br>                Plaintiff,<br><br>        v.<br><br>SHARON D'ARELLI,<br><br>                Defendant. | Case No. 1:23-cv-00638-JLT-CDB (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 6)<br><br>Clerk of Court to close the case. |

The assigned magistrate judge issued findings and recommendations to dismiss the action for failure to state a claim because Plaintiff's exclusive recourse to obtaining the relief he seeks is through habeas corpus. (Doc. 6.) Additionally, because the complaint is *Heck*-barred on its face, the magistrate judge recommended dismissal with prejudice. (*Id.* at 5.)

Plaintiff filed objections, arguing the magistrate judge misconstrued his section 1983 action as one challenging the legality or duration of his custody. (Docs. 9, 11.)[1] Instead, Plaintiff claims he filed this action "to retrieve evidence and a declaration," specifically, a transcript of a state court proceeding that occurred on September 24, 2010, in his underlying criminal case in Superior Court of California, County of Sacramento. (Doc. 1 at 3.)

First, Plaintiff is incorrect in stating that he "filed this action to retrieve evidence." (Doc.

---

[1] Plaintiff filed duplicate objections, except for additional verification attached to the front of the objections. (Doc. 11.) For simplicity's sake, the page numbers cited are from the first filing. (Doc. 9.)

9 at 2.) Plaintiff alleges a court reporter (Defendant) presented an uncertified transcript to the state court during a hearing on Plaintiff's state habeas challenge on July 9, 2021. (Doc. 1 at 3.) Plaintiff asserts the uncertified transcript falsely represented that a hearing in Plaintiff's underlying criminal case took place on September 24, 2010. (*Id.* at 1.) Plaintiff alleges Defendant's actions "result[ed] in false imprisonment" because they caused him to be imprisoned "beyond the statutory maximum of eight (8) years." (*Id.*) In the complaint's request for relief, Plaintiff does not demand a copy of the transcript: instead, he seeks "one (1) million U.S. dollars for false imprisonment . . ." (*Id.* at 6.)

Second, even were the Court to construe Plaintiff's section 1983 claim as one seeking access to evidence, Plaintiff's reliance on the Ninth Circuit's decision in *Osborne* for the proposition that a plaintiff may seek through a section 1983 action documentary materials (such as the referenced hearing transcript) that constitute evidence in an underlying suit is misplaced. (Doc. 9 at 3.) The Supreme Court squarely held in a later appeal that a plaintiff has no due process right to obtain postconviction access to a state's evidence–in that case, DNA. *Dist. Atty's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 61–62 (2009). Instead, the Court explained that section 1983 relief in this context may be available only if a plaintiff "demonstrate[s] the inadequacy of the state-law procedures available to him in state postconviction relief." *Id.* at 71.

As in *Osborne*, Plaintiff has failed to plead or otherwise meet his burden of demonstrating inadequate state-law procedures. In sum, because Plaintiff seeks damages under section 1983 for what he characterizes as an unconstitutional term of imprisonment[2] and has not shown his sentence was invalidated, Plaintiff's complaint must also be dismissed as *Heck*-barred. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on May 17, 2023, (Doc. 6), are **ADOPTED IN FULL**.
2. This action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

---

[2] (*See* Doc.1 at 3 ("Defendant's actions caused Plaintiff to be held beyond the statutory maximum of eight (8) years.")).

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 25, 2023**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE